UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BERNARD J. SORRENTINO,

        Petitioner,

 -against-              9:22-CV-0486 (LEK)

COMMISSIONER ANNUCCI,

        Respondent.[1]

_____

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Petitioner Bernard Sorrentino seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). Petitioner also remitted the statutory filing fee. See Dkt. Entry for Pet. dated 05/11/22 (identifying receipt information for the filing fee transaction).

**II. THE PETITION**

Petitioner is incarcerated and challenges his Tier III Disciplinary Disposition, sentencing him to administrative segregation ("SHU"), entered on February 28, 2020. Pet. at 1.

Petitioner filed an Article 78 petition in the New York State Courts "to challenge both the prison disciplinary and administrative segregation determinations." Sorrentino v. Annucci, 197 A.D.3d 1486, 1486 (N.Y. App. Div. 2021). The New York State Appellate Division, Third Department, confirmed the Hearing Officer's conclusions "that petitioner posed a danger to the

---

[1] The proper respondent in a habeas action brought pursuant to 28 U.S.C. § 2254 is the superintendent of the facility in which petitioner is incarcerated. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts & Advisory Notes. Petitioner has incorrectly named "Commissioner Annucci" as Respondent. Pet. at 1. Instead, the Clerk is directed to update the docket sheet to reflect the sole respondent, Phil Melecio, Superintendent of Wallkill Correctional Facility

1

safety and security of the facility," upholding the disposition and dismissing the petition. Id. at 1486–87.[2] On April 26, 2022, the New York State Court of Appeals denied Petitioner's application for leave to appeal. See Sorrentino v. Annucci, No. 2021-947, 2022 WL 1222709, at *1 (N.Y. Apr. 26, 2022).

Petitioner outlines the grounds for relief which he asserted in the Appellate Division. Pet. at 2–3. However, Petitioner fails to indicate the grounds for which he believes he is entitled to federal habeas relief. Id. at 5–6. Further, Petitioner fails to provide any facts supporting his claims. Id. Petitioner also fails to indicate the relief to which he believes he is entitled. Id. at 7.

## III.   DISCUSSION

### A.   Rule 2

Petitioner's papers do not comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Habeas Rules 2(c)(1) and (2) require that a petition specify all grounds for relief available to the petitioner and the facts supporting each ground. Petitioner has failed to do so here. Although Petitioner sets forth the procedural history of his underlying disciplinary disposition and the direct appeals thereafter, Petitioner has failed to articulate the grounds upon which he is entitled to relief or the material facts supporting them. The Court will not speculate on these matters. Pursuant to the Habeas Rules, each ground Petitioner wants to raise in this proceeding challenging the constitutionality of Petitioner's

---

[2] Petitioner did not identify, nor can the Court discern from the Third Department's decision, the correctional facility in which Petitioner was housed when he received the disciplinary infraction and subsequent hearing and disposition. It is presumed, given the Article 78 petition originated in Albany County Supreme Court, that Petitioner was housed in a facility within the Northern District of New York; however, that information should be included in any amended petition subsequently filed with the Court. See Sorrentino, 197 A.D.3d at 1486 (explaining the process by which the Third Department received the request to review the Article 78 petition).

disciplinary disposition, and the facts supporting each ground, must be set forth in the petition itself.

Thus, Petitioner is given leave to file an amended petition within **thirty (30) days** of the filing date of this Memorandum-Decision and Order to clarify the factual basis underlying his present claims and his request for relief.

### B.     Amendment Or Voluntary Dismissal

"Based upon the allegations that petitioner was sentenced to [50 days] SHU, but nothing else—e.g., loss of good time credits—this action appears to be one that should have been brought under 42 U.S.C. § 1983, and not 28 U.S.C. § 2254, because the disciplinary sentence challenged herein does not impact the overall length of the [petitioner's] confinement on his state court criminal conviction." Adams v. McGinnis, 317 F. Supp. 2d 243, 244 (W.D.N.Y. 2004) (citing cases). Similar cases have been deemed challenges to an alteration in an inmate's conditions of confinement—which are not cognizable habeas claims—and inmates were given the opportunity to either (1) explain why the petition should not be converted to a federal civil rights complaint under 42 U.S.C. § 1983, or (2) consent to said conversion. See Booker v. Chappius, No. 16-CV-0446, 2016 WL 8668511, at *2 (W.D.N.Y. Nov. 18, 2016) (citing Adams, 317 F. Supp. 2d at 244–45); see also Ford v. Smith, No. 06-CV-0890, 2007 WL 188724, at *1 (N.D.N.Y. Jan. 22, 2007); cf. Cody v. Henderson, 936 F.2d 715, 723 (2d Cir. 1991) ("remand[ing] the case to allow Cody the option of recasting his habeas corpus petition as a suit for damages under 42 U.S.C. § 1983").

However, most recently this Court has taken a slightly different approach and held that "a 2254 challenge to . . . restrictive confinement is permissible, so long as the petitioner is serving the restrictive confinement at the time the petition is filed." Dawes v. Racette, No. 12-CV-0718,

2014 WL 667412, at *2 (N.D.N.Y. Nov. 25, 2014) (citing cases). "If, however, the challenged disciplinary penalty has already been served at the time the petition is filed, . . . review is not available because petitioner is not 'in custody' pursuant to the disciplinary determination, and the Court lacks jurisdiction under section 2254." Id.

Here, Petitioner's SHU penalty—modified to fifty days—presumably began on or shortly after the Tier III disciplinary hearing on February 28, 2020. Pet. at 1. This means that Petitioner's SHU sentence likely expired on or about April 20, 2020. However, the Petition, signed and dated on May 4, 2022, is over two years past the expiration of the SHU confinement.

Accordingly, Petitioner will be given the opportunity to explain why the instant action should remain categorized as a federal habeas petition and why, assuming that to be the case, his claims should not be dismissed for want of jurisdiction. In the alternate, if Petitioner wishes to pursue this conditions of confinement claim in a civil rights complaint, he can move to voluntarily dismiss this case and file a new action, with the forms provided, pursuant to 42 U.S.C. § 1983. If Petitioner fails to either (1) file an amended petition, demonstrating why the instant action should remain categorized as a § 2254 federal habeas petition, **or** (2) move to voluntarily dismiss the petition under Fed. R. Civ. P. 41(a) within **thirty (30) days** of the filing date of this Memorandum-Decision and Order, the Court will dismiss this action. See Habeas Rule 4.

**IV.     CONCLUSION**

Accordingly, it is hereby

**ORDERED**, that the Clerk is respectfully directed to update the caption to reflect the proper respondent; and it is further

**ORDERED**, that the Clerk is directed to provide Petitioner with a blank 28 U.S.C. § 2254 habeas petition and a blank 42 U.S.C. § 1983 prisoner pro se civil forms packet; and it is

further

**ORDERED**, that Petitioner must either (1) file an amended habeas petition under 28 U.S.C. § 2254 **OR** (2) move to voluntarily dismiss his petition if he wishes to pursue a separate pro se civil rights action under 42 U.S.C. § 1983, **within thirty (30) days** of the filing date of this Memorandum-Decision and Order. Failure to do so will result in dismissal of the instant action without further order of the Court, Habeas Rule 4; and it is further

**ORDERED**, that if Petitioner chooses to file an amended habeas petition under 28 U.S.C. § 2254 **Petitioner shall complete every part of the blank petition, including the sections requiring him to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed. Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application.** If Petitioner is asking the Court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If Petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. **Petitioner must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the amended petition.

Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference. He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Memorandum-Decision and Order. Petitioner must also sign and date the petition; and it is further

**ORDERED**, that upon the filing of any amended petition under 28 U.S.C. § 2254 or motion to voluntarily dismiss, the Clerk shall forward the file in this matter to the Court for further review.  No answer to the petition will be required from the Respondent until Petitioner has submitted the amended petition, and the Court has had the opportunity to review his arguments.

**IT IS SO ORDERED.**

DATED:   June 15, 2022
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge