UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

BERNARD J. SORRENTINO,

                Petitioner,

    -against-                                      9:22-CV-0486 (LEK)

PHIL MELECIO,

                Respondent.

**DECISION AND ORDER**

On May 11, 2022, Petitioner Bernard Sorrentino sought federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). On June 16, 2022, the Court ordered Petitioner to either (1) file an amended habeas petition that identified all the grounds and factual bases pursuant to which Petitioner sought relief; or (2) move to voluntarily withdraw his petition. Dkt. No. 2 ("June Order"). The June Order explained that Petitioner's claim—challenging his Tier III Disciplinary Disposition and subsequent sentence to administrative segregation—could only remain a federal habeas action if Petitioner was still serving the disciplinary penalty. <u>Id.</u> at 3–4. Otherwise, the Court would lack jurisdiction over Petitioner's claims. <u>Id.</u> at 4. Petitioner was informed that if he was unable to meet the "in custody" requirement he could alternatively seek relief pursuant to 42 U.S.C. § 1983. <u>Id.</u> at 3.

Petitioner timely complied with the June Order, filing a letter seeking to "voluntarily . . . drop his 28 USC section 2254 petition[.]" Dkt. No. 3. Petitioner explained that he completed the wrong paperwork and requested a civil rights form complaint and pro se packet. <u>Id.</u> Petitioner also asked if the thirty (30) day deadline was still applicable to the filing of any new action. <u>Id.</u>

Petitioner's motion to voluntarily withdraw his habeas petition is granted. The thirty (30) day deadline from the June Order only applied to Petitioner's opportunity to clarify his wishes by either filing an amended habeas petition or a motion to withdraw. Because Petitioner timely filed his motion to withdraw, that thirty (30) day deadline no longer applies. However, if Petitioner decides to file a complaint seeking relief pursuant to 42 U.S.C. § 1983, other deadlines may apply, including but not limited to those set forth in the Local Rules, the Federal Rules of Civil Procedure, and the relevant statute of limitations. The Court does not provide parties with legal advice, and this is not meant to comment on whether a subsequent civil rights complaint that petitioner may file will be timely.

Accordingly, it is hereby:

**ORDERED** that Petitioner's motion to withdraw, Dkt. No. 3, is **GRANTED** and the Petition is **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk shall send to Petitioner a 42 U.S.C. § 1983 prisoner pro se packet for his reference; and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order upon Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   July 7, 2022
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge